# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2018, 7:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Isaiah Christmas, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 11, 2018 <br><br> Court of Appeals Case No. <br> 34A04-1710-CR-2383 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable Brant J. Parry, Judge <br><br> Trial Court Cause No. <br> 34D02-1501-F5-17 |

**Barnes, Judge.**

# Case Summary

Isaiah Christmas appeals his conviction for Level 5 felony sexual misconduct. We affirm.

# Issue

The sole issue before us is whether there is sufficient evidence to sustain Christmas's conviction.

# Facts

R.M. was convicted of dealing in cocaine and began serving in-home detention for that offense in December of 2014. Her reporting officer was Doug Hoover. After beginning in-home detention, R.M. met Christmas, who was a field officer with Howard County Community Corrections. Christmas allowed R.M. into his home so she could drink alcohol with him there, which violated her in-home detention rules. R.M. would drink whatever Christmas provided her, which was typically served in either a canning jar or mason jar. Christmas said it was moonshine, but R.M. thought it tasted like rubbing alcohol. R.M. expressed her concerns to Christmas about going to jail for violating the rules of in-home detention. Christmas assured R.M. that he "was the only officer working" and to trust him. Tr. Vol. II p.147.

R.M. later told Hoover about her meetings with Christmas. R.M. told Hoover that she and Christmas had been in daily contact and that they had been hanging out. R.M. also told Hoover that Christmas brought her moonshine and that one day, after spending time with Christmas, she woke up naked.

R.M. explained that she felt obligated to be with Christmas. Shortly thereafter, Hoover contacted Detective Greg Hargrove to open an investigation into Christmas's conduct.

[5] On or about January 18, 2015, R.M. got drunk with Christmas. Around 1:00 a.m. the next morning, Christmas called R.M. to tell her that he was coming back to pick her up. When Christmas came back, he brought more alcohol with him for R.M. to drink during the ride. After picking up R.M., Christmas drove them both to a hotel. R.M. was intoxicated by the time they arrived at the hotel. Once Christmas and R.M. arrived at the hotel, R.M. texted Hargrove to tell him where she was.

[6] Once inside the hotel room, R.M. continued to drink. R.M. only remembered sitting on the edge of the bed and then later waking up with no pants on. When R.M. woke up, Christmas was performing oral sex on her and had his fingers inside her vagina. Soon thereafter, there was a knock at the door. Christmas went out the window where police officers were waiting for him. After being apprehended, Christmas admitted to going to the hotel to be with a girl, and that girl was R.M.

[7] Officers took R.M. to the Community Corrections office, then home, and then to the hospital. While at the hospital, R.M. was examined by a sexual assault nurse. During the investigation, officers collected DNA from Christmas, as well as a cutting from R.M.'s underwear she wore on the day in question. The

DNA sample from the underwear was consistent with two individuals, R.M. and Christmas.

[8] On January 23, 2015, the State charged Christmas with one count of sexual misconduct, a Level 5 felony. He was tried by a jury trial on September 19, 2017, and found guilty as charged. Christmas was sentenced to three years with 913 days executed, and supervised probation for 182 days. Christmas now appeals his conviction.

## Analysis

[9] Christmas claims there is insufficient evidence to sustain his conviction for Level 5 felony sexual misconduct. When analyzing a claim of insufficient evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the judgment. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). "It is the factfinder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.* The evidence does not have to overcome every reasonable hypothesis of innocence, and it is sufficient if an inference may reasonably be drawn to support the conviction. *Id.*

[10] In order to convict Christmas of Level 5 felony sexual misconduct, as charged, the State was required to prove that he is a service provider who knowingly or intentionally engaged in sexual intercourse or other sexual conduct with a person who is subject to lawful detention or lawful supervision. Ind. Code § 35-

44.1-3-10(b). A service provider includes a person employed by a governmental entity. I.C. § 35-44.1-3-10(a)(2)(A)(ii).

[11] Christmas, who was a field officer with Howard County Community Corrections, was apprehended at a hotel with R.M., an in-home detainee of Community Corrections. Christmas admitted to going to the hotel to be with R.M. R.M. testified to Christmas performing sexual acts on her while at the hotel, and DNA evidence corroborated her testimony. We regard Christmas's contention on appeal as asking us to assess R.M.'s credibility, which we cannot do. *See Sallee*, 51 N.E.3d at 133.[1] The evidence is sufficient to prove that Christmas knowingly or intentionally engaged in sexual intercourse or other sexual conduct with R.M.

## Conclusion

[12] There is sufficient evidence to sustain Christmas's conviction for Level 5 felony sexual misconduct. We affirm.

---

[1] Christmas argues in part that the DNA evidence was erroneously admitted into evidence. Indiana Appellate Rule 46 sets out the substantive requirements for an appellant's brief. That rule provides: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. . . ." Ind. Appellate Rule 46(A)(8)(a). "A litigant who fails to support his arguments with appropriate citations to legal authority and record evidence waives those arguments for our review." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015).

Here, Christmas's argument in his brief does not contain cogent reasoning or any citation to authority regarding the admissibility of evidence, as required in an appellant's brief. Because Christmas has failed to support his argument with appropriate citations to legal authority, he has waived this argument for our review.

Affirmed.

Najam, J., and Mathias, J., concur.